# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

---------------------------------------------------------------------------x
MICHAEL J. MOORE and ROSE MOORE,

                                                                                       No.: 1:20-cv-466

                Plaintiffs,
   -against-                                                          **NOTICE OF REMOVAL**

CRANE CO., et al,

                Defendants.
---------------------------------------------------------------------------x

## DEFENDANT ELECTRIC BOAT CORPORATION'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 defendant ELECTRIC BOAT CORPORATION d/b/a GENERAL DYNAMICS ELECTRIC BOAT (hereinafter "Electric Boat" or "Defendant") files this Petition for Removal of the above-entitled case now pending in the Providence County Superior Court of Rhode Island, bearing Case No.: PC-2020-06715 (hereinafter referred to as the "instant state action") to the United States District Court for the District of Rhode Island.

In support, Electric Boat states[1]:

---

[1] Electric Boat states that in filing this notice, Electric Boat expressly reserves and does not waive its right to move for summary judgment based on successor liability principles and/or to otherwise assert that a separate and distinct entity of Electric Boat holds the relevant assets and liabilities in this action. Electric Boat further states that by virtue of filing this notice, Electric Boat does not concede that it is the entity responsible for Plaintiff's alleged asbestos exposure.  In sum, Electric Boat expressly reserves all defenses including, but not limited to, personal jurisdiction, which is expressly reserved.

## PROCEDURAL HISTORY

1.      Plaintiffs Michael J. Moore and Rose Moore (collectively referred to herein as "Plaintiffs") initiated the instant action in the Providence County Superior Court of Rhode Island, by service of a Complaint dated September 24, 2020.  A copy of plaintiff's Summons and Complaint is annexed hereto as **Exhibit A.** Said Complaint names Electric Boat as a defendant. Electric Boat was served with the Complaint on or about October 2, 2020, which is the commencement date of the action against Electric Boat.  See **Exhibit A.**

2.      Plaintiff Michael Moore ("Plaintiff") alleges, *inter alia,* that he was allegedly exposed to asbestos at various times during the course of his service in the US Navy (a) as a service technician from 1964-1965 aboard the *USS Darter*; (b) as an electronics technician from 1965-1969 aboard the *USS Francis Scott Key*; (c) as an electronics technician from 1973-1976 and from 1979-1981 aboard the *USS Simon Bolivar*.  See **Exhibit A** at Paragraphs 4-6.

3.      Upon present information and belief and according to Plaintiff's Complaint, specific to Electric Boat, Plaintiffs have named Electric Boat as a Defendant upon the belief that they may have had various responsibilities in the construction and/or repair of the *USS Francis Scott Key*.

4.      Plaintiff was allegedly injured as a direct and proximate result of asbestos fibers, which allegedly came as a result of the Defendant's actions.  Plaintiff's alleged injuries include the development of lung cancer.  See **Exhibit A.**  Plaintiff Rose Moore also claims loss of consortium.  See **Exhibit A**, Tenth Count.

5.      Upon present information and belief, Electric Boat is sued herein in connection with the alleged exposures to asbestos from Plaintiff's service in the US Navy from 1965-1969 from his work as an electronics technician.  See **A.**  Because Electric Boat is named for alleged

liabilities associated with shipyard work, hereinafter, "Electric Boat" shall refer to the entity named in the Complaint, and "shipyard" shall refer to the locations where Electric Boat performed its alleged work at issue on ships that Plaintiff later allegedly served on during his time in the US Navy.

## THE INSTANT NOTICE OF REMOVAL IS TIMELY FILED

6. It is settled law that an "initial pleading" may trigger the running of the thirty (30) day limitations period of the removal statute, if said pleading provides information from which a defendant can ascertain removability. See 28 U.S.C. § 1446 (b). Electric Boat was served with Plaintiffs Complaint on or around October 2, 2020.

## INTRA DISTRICT ASSIGNMENT

7. This Notice of Removal and all exhibits are being filed in the United States District Court for the district and division in which the state court action is pending. See 28 U.S.C. § 1446(a).

## BACKGROUND

8. This is an asbestos personal injury action by Plaintiffs against Electric Boat based upon Mr. Michael J. Moore's alleged asbestos-related disease caused, in part, by exposure to asbestos in connection with, *inter alia*, alleged work performed on ships that may have constructed or repaired at various shipyards by Electric Boat prior to Plaintiff's service in the US Navy from 1964-1981.

9. During the period in which Plaintiff alleges he was exposed to asbestos from his service aboard the ships that may have been constructed and/or repaired by Electric Boat from 1964 to 1981, Electric Boat was specifically engaged by the US Navy to perform work in connection with US Navy vessels as a government contractor pursuant to contracts. Based upon

the information known to date relating to the alleged work of Michael Moore, such work included work on US Navy vessels involving performance of work pursuant to US military specifications, under US Naval direction and supervision, and compliance with federal statutes. See Affidavit of John B. Padgett, III, annexed hereto as **Exhibit B** at ¶71.

10. During the relevant time period, Electric Boat was a government contractor engaged in designing, redesigning, constructing, maintaining, overhauling and/or repairing military vessels on behalf of the US Navy in accordance with applicable military specifications in effect at the time of the respective military vessel construction. See **Exhibit B** at ¶72.

11. Electric Boat designed, redesigned, constructed, maintained, and overhauled U.S. Navy vessels for the federal government under the direction, control, and supervision of the US Navy. See **Exhibit b** at ¶73. Virtually every detail of this construction and overhaul work was specified and overseen by the United States Navy and required the approval of the United States Government at every stage of construction. Id.

12. As set forth in more detail below, federal officers (from the United States Navy) selected the component parts and materials for these military vessels; approved and specified their design, including the use of asbestos, if any; and required Electric Boat to use them in the course of its shipyard operations. See **Exhibit B** at ¶74. In other words, Electric Boat had no choice with respect to the component parts and materials, including any asbestos-containing components therein, if any, used in shipyard operations in connection with the construction, repair, maintenance, and overhaul of US Naval vessels in question. Id.

13. As the claims against Electric Boat are based on allegations that Plaintiff's alleged asbestos-related disease was caused by alleged exposure to asbestos in connection with its work

constructing and/or repairing vessels at shipyards, Electric Boat seeks removal of this action to this Court on "federal officer" grounds pursuant to 28 U.S.C. § 1442(a)(1), as detailed below.

## FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C §1442(a)(1)

14. Removal is proper under 28 U.S.C. § 1442(a)(1) when the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official capacity for any act under color of such office. See 28 U.S.C. §1442(a)(1).

15. This statute overcomes the well-pleaded complaint rule by providing a mechanism by which to remove a case brought in state court against a federal officer, or any other person acting under a federal officer, despite the absence of a federal cause of action. See Nesbiet v. General Elec. Co., 399 F. Supp.2d 205, 209 (S.D.N.Y. 2005); Jefferson County v. Acker, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.E.2d 408 (1999). The Supreme Court has noted that one of the purposes of the federal officer removal statute is to ensure that a federal court will adjudicate the validity of a defendant's official immunity defenses. See Arizona v. Manypenny, 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981).

16. The federal officer statute, specifically 28 U.S.C. § 1442(a)(1), has been interpreted to allow removal of cases where private entities are the named defendants. In such cases, federal jurisdiction exists if the defendants seeking removal shows: (1) that they are persons within the meaning of the statute, who acted under a federal officer; (2) that they performed the acts for which they are sued under color of federal office; and, (3) that they raise a colorable federal defense. See Diane Pitre, et al. v. Huntington Ingalls, Inc., et al., No. 2:17-cv-07029-MBN, 2017 U.S. Dist. LEXIS 200355 (E.D. Ill. Dec. 6, 2017) (denying plaintiff's motion to remand based on defendant Foster Wheeler's showing of a colorable federal contractor

immunity defense), attached hereto as Exhibit C; See also Isaacson v. Dow Chemical Co., 517 F.3d 129 (2d Cir. 2008); Machnik v. Buffalo Pumps Inc., 506 F.Supp. 2d 99 (D. Conn. 2007), (reconsideration denied, 2007 WL 4570566); McMahon v. Presidential Airways, Inc., 410 F.Supp. 2d 1189 (M.D. Fla. 2006); Nesbiet, 399 F.Supp. 2d 205; Madden v. Able Supply Co., 205 F.Supp. 2d 695 (S.D. Tex. 2002); Fung v. Abex Corp., 816 F.Supp. 569 (N.D. Cal. 1992). The federal officer removal statute is to be broadly interpreted and liberally construed. See Watson v. Philip Morris Co., Inc., 551 U.S. 142, 147 (2000); Willingham v. Morgan, 395 U.S. 402 (1969); see also Donalds v. Brantley 492 F.Supp. 925 (W.D.N.Y. 1980), aff'd 738 F.2d 419; Davenport v. Borders 480 F.Supp. 903 (N.D. Ga. 1979); Dixon v. Georgia Indigent Legal Services, Inc. 388 F.Supp. 1156 (S.D. Ga. 1974), aff'd 532 F.2d 1373.

17. A corporation is a "person" within the meaning of section 1442(a). Alsup v. 3-Day Blinds, Inc., 435 F.Supp. 2d 838 (S.D. Ill. 2006); see Isaacson v. Dow Chemical Co., 517 F.3d 129 (2d Cir. 2008). As such, Electric Boat Corporation is a "person" within the meaning of 28 U.S.C. § 1442.

18. An entity acts under a federal officer when it assists, or helps carry out, the duties or tasks of the federal superior. In other words, there must exist a special relationship, such as where a party contracts with the Government to "provide a product that the Government was using during war – a product that in the absence of Defendants, the Government would have to produce itself." See Isaacson v. Dow Chemical Co., 517 F.3d 129. Close supervision of the private entity by the Government would constitute such a special relationship. See Id.

19. During the period of Mr. Moore's alleged exposure, Electric Boat was a government contractor engaged in designing, redesigning, constructing, maintaining, overhauling and/or repairing military vessels on behalf of the US Navy in accordance with applicable

military specifications in effect at the time of the respective military vessel construction. See Exhibit B at ¶72. Electric Boat designed, redesigned, constructed, maintained, overhauled and repaired US Navy vessels pursuant to military contracts with the US Government and in compliance with reasonably precise design specifications, as well as detailed design drawings, all of which were reviewed and approved by the United States Navy. See **Exhibit C** at ¶75. The Government was intimately involved in all phases of design, development and construction of these military vessels. Id. The Government monitored Electric Boat's performance under the contract at all times and required Electric Boat to perform work and construct the Navy vessels in accordance with the applicable and approved products, specifications and drawings incorporated into the contracts. See **Exhibit B** at ¶76. All U.S. Naval vessels built by Electric Boat were subject to inspection, testing and approval by the United States Government. See **Exhibit B** at ¶77. In addition, the Government performed extensive testing of the Naval vessels and their components and systems to ensure complete conformity with the design specifications. See **Exhibit C** at ¶78. If any materials, equipment or parts used by Electric Boat in the performance of its government contracts were asbestos-containing, such materials, equipment or parts were used pursuant to and mandated by specific requirements of the US Navy. Id.

20.     Furthermore, the U.S. Navy required Electric Boat Corporation to install each and every system and component part, including any alleged asbestos-containing components and material, if any. See **Exhibit B** at ¶79.

21.     Electric Boat asserts a colorable federal defense; namely, the government contractor defense. See Depascale v. Sylvania Elec. Prods., Inc., 710 F.Supp. 2d 275 (E.D.N.Y. 2010) (Granting defendant's motion for a new trial on the government contractor defense when defendant corporation had operated a nuclear rod manufacturing facility for the government and

when plaintiffs alleged injury from non-nuclear chemicals and solvents at that worksite); Beckwith v. Gen. Elec. Co. and Buffalo Pumps Co., 2010 U.S. Dist. Lexis 30360 (Ruling on Motion to Remand, March 30, 2010, a copy of which is annexed hereto as **Exhibit C**).

22. In Beckwith, the plaintiffs filed an action in Connecticut Superior Court alleging asbestos exposure while employed by the former Electric Boat Division of General Dynamics. Id.  Buffalo Pumps removed the action to the District Court for the District of Connecticut under the federal officer statute, and General Electric joined in the removal.  Id.  Plaintiff moved the Court to remand, and the Court denied plaintiff's motion on the basis that Buffalo Pumps and General Electric presented sufficient evidence to establish that they were federal officers with a colorable defense.  Id.

23. In this case, just as in Beckwith, the United States Government maintained strict control over the actions of General Dynamics's shipyards.  The government contractor defense is satisfied here because the design specifications for these military vessels were government-approved, the military vessels conformed to these specifications, and to the extent that asbestos was known at the time to be a hazardous material, the Government's knowledge of such hazards was superior to the knowledge of General Dynamics.

24. In fact, General Dynamics has been held to be a government contractor entitled to the government contractor defense.  Boston v. Eastern Refractories Co., Inc., et al., 2:07-CV-63993-ER (E.D. Pa. MDL 875) (Order Granting General Dynamics Corporation's Motion for Summary Judgment, entered August 30, 2010). A copy of the Court's Order Granting General Dynamics Corporation's Motion for Summary is annexed hereto as **Exhibit D**.

25. As federal officers directed and required Electric Boat to install parts, components, and materials on military vessels, there is an unequivocal "causal nexus" between

the direction Electric Boat received from the military, which it followed, and Plaintiff's alleged injury. When a government contractor builds a product pursuant to military specifications and is later sued because compliance with those specifications allegedly causes personal injuries, the nexus requirement is satisfied. See Isaacson, 517 F.3d at 133-34; see also Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal 1992).

26. Electric Boat is entitled to federal officer removal under 28 U.S.C. 1442(a)(1) based upon the separate and additional federal defense of derivative sovereign immunity as set forth in Yearsley v. WA Ross Construction Co., 309 U.S. 18 (1940). The Yearsley case established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract. Id. The Yearsley doctrine is satisfied here because the acts complained of were performed at the direction of government officers, namely the United States Navy, acting pursuant to government authorization, and if the government had performed these acts directly, it would be immune from suit. Id.

27. Separate and additionally, Electric Boat is entitled to federal officer removal under 28 U.S.C. §1442(a)(1) based upon the "combatant activities" exception of the Federal Tort Claims Act, which bars suit against the federal government for claims "arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." 28 U.S.C. § 2680(a). The principles underlying the combatant activities exception have been extended to preempt claims against government contractors. See, e.g. Saleh v. Titan Corp., 580 F.3d 1 (D.C. Cir. 2009), Koohi v. United States, 976 F.2d 1328, 1336 (9th Cir. 1992).

28. Plaintiff's claims against Electric Boat are preempted by the combatant activities exception because, (1) the activities giving rise to the claim arose during "time of war" and, (2)

Electric Boat's actions during the period were combatant activities within the meaning of the statute.  Michael Moore allegedly worked on ships that were constructed and/or repaired at Electric Boat between 1964 and 1981.  See **Exhibit A.**  During this period, the United States was engaged in the various conflicts, including the Vietnam War.  Thus, the claim arose during "time of war." Moreover, Electric Boat's actions at all relevant times with respect to the design, redesign, construction, overhaul, maintenance and modernization of the military vessels were under the direction of the Navy and for the purpose of supporting the Navy's wartime and/or active conflict activities. Accordingly, Electric Boat's activities were "combatant activities." See e.g., Johnson v. United States, 170 F.2d 767, 769 (9th Cir. 1948) (Aiding others to swing the sword of battle is certainly a 'combatant activity'….).

29.     Electric Boat does not need to prove the merits of its defense(s) in order to remove this case; rather, it must present a colorable showing of entitlement to its federal defense(s) such that the validity of the defense should be tried in federal court.  As recently affirmed by the United States District Court for the Southern District of New York in Michael B. Donohue, et al., v. CBS Corporation, et al., 1:17-cv-07232-WHP, 2017 U.S. Dist. LEXIS 195159 (S.D.N.Y. November 27, 2017), attached hereto as **Exhibit E**, the inquiry of whether a Defendant has asserted a colorable defense does not require the Court to determine the merits of such defense.  Rather, defendants "need only make a colorable showing of this defense to support removal of this case (and to resist its remand at this time)." Id. at *13.  See also, e.g., Mesa v. California, 489 U.S. 121 (1989) 129; Corley v. Long-Lewis, Inc., 688 F. Supp. 2d 1315, 1334 (N.D. Ala. 2010); Ferguson v. Lorillard Tobacco Co., 475 F. Supp. 2d 725, 731 (N.D. Ohio 2007); Machnik v. Buffalo Pumps Inc., 506 F. Supp. 2d 99, 102-104 (D. Conn. 2007); Nesbiet v. General Electric Co., 399 F. Supp. 2d 205, 210-11 (S.D.N.Y. 2005); Madden v. Able Supply

Co., 205 F. Supp.2d 695, 701 (S.D. Tex. 2002); Pack v. AC and S, Inc., 838 F. Supp. 1099, 1103 (D. Md. 1993). To make a colorable showing of this defense Electric Boat must show that their defense is "plausible" and not "completely frivolous." Magnin v. Teledyne Continental Motors, 91 F.3d 1424 at 1427 (11th Cir. Ala. 1996).  Electric Boat has met this burden.

30. A properly removed case cannot be remanded for discretionary or policy reasons, such as allegedly related State court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); Thermitron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  Willingham v. Morgan, 395 U.S. 402, 405 (1960).

31. Electric Boat is not required to notify and obtain the consent of any other defendant in this action in order to remove plaintiff's action as a whole under § 1442(a)(1). See Humphries v. Elliott Co., 760 F.3d 414, 417 (5th Cir. 2014); See also Alsup v. 3-Day Blinds, Inc., 435 F.Supp.2d at 842-843; Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998); Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co., 644 F.2d 1310, 1314 (9th Cir. 1981); Fowler v. Southern Bell Te. & Tel. Co., 343 F.2d 150, 152 (5th Cir. 1965); Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 1960).

32. Should plaintiffs move to remand this case, Electric Boat respectfully requests an opportunity to respond more fully in writing, including the submission of additional affidavits and authority, as well as through oral argument.

33. Electric Boat reserves all of its defenses.

34. As required by 28 U.S.C. § 1446(b), true and correct copies of the process and pleadings served upon Electric Boat are being filed with this Notice of Removal.

35.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and Petition for Removal are being served on all parties and filed with the Clerk of the Providence County Superior Court of Rhode Island where the action is now pending.

## CONCLUSION

36.     Removal of this action is proper under 28 U.S.C. § 1442, as it is a civil action brought in state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442 (a)(1) because Electric Boat was acting under an officer or agency of the United States.

**WHEREFORE**, the defendant Electric Boat Corporation prays that this action proceeds in this Court as an action properly removed thereto.

Dated: New York, New York
       October 30, 2020

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Zachary M. Weisberg*
Zachary M. Weisberg, Esq. (RI Bar #8427)
One Battery Park Plaza
New York, NY 10004
ph: (212)-453-0795
zweisberg@grsm.com

Attorneys for Defendant
Electric Boat Corporation

## **CERTIFICATE OF SERVICE**

      I, the undersigned, counsel for Electric Boat Corporation, hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been filed electronically through the Electronic Case Filing (ECF) system provided by the Court and shall be available for viewing and downloading from the ECF system by all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on this 30th day of October, 2020.

                                        */s/ Zachary M. Weisberg*
                                        Zachary M. Weisberg, Esq.

1200309/48699256v.1