Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 1 of 22 PageID #: 14

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | **SUPERIOR COURT** |
| **PROVIDENCE** | : | |
| | : | |
| IN RE: RHODE ISLAND | : | |
| ASBESTOS LITIGATION | : | C.A. NO. |
| | : | |
| | : | |
| **MICHAEL J. MOORE** and **ROSE MOORE,** | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| vs. | : | **ORIGINAL COMPLAINT** |
| | : | |
| **CRANE CO.;** | : | |
| **ECKEL INDUSTRIES, INC.;** | : | |
| **ELECTRIC BOAT CORPORATION** d/b/a | : | |
| GENERAL DYNAMICS ELECTRIC BOAT; | : | |
| **FOSTER WHEELER ENERGY** | : | |
| **CORPORATION;** | : | |
| **MELRATH GASKET, INC.;** | : | |
| **NIANTIC SEAL, INC.;** | : | |
| **PACKING & INSULATION** | : | |
| **CORPORATION;** | : | |
| **P.I.C. CONTRACTORS, INC.;** | : | |
| **TACO, INC.;** and | : | |
| **VIMASCO CORPORATION,** | : | |
| | : | |
| *Defendants.* | : | |
| | : | |
| | : | |
| | : | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, MICHAEL J. MOORE and ROSE MOORE, by and through their

undersigned counsel, for their cause of action against Defendants state as follows:

## PARTIES

1.     Plaintiffs MICHAEL J. MOORE and ROSE MOORE are residents of

Gerrardstown, West Virginia, in Berkeley County.

2. Plaintiffs bring this action for monetary damages as a result of Plaintiff MICHAEL J. MOORE contracting an asbestos-related disease. Plaintiff MICHAEL J. MOORE was diagnosed with lung cancer caused by his exposure to asbestos on or around September 2018. Plaintiff is a lifelong non-smoker.

3. Each of the Defendants named in the caption above have conducted business in the state of Rhode Island and have produced, manufactured or distributed asbestos and/or asbestos-containing products with the reasonable expectation that such products would be used or consumed in this state, the Defendants' products were so used or consumed in this state, and the Defendants committed the tortious acts set forth below in this state.

## **GENERAL ALLEGATIONS**

4. Plaintiff MICHAEL J. MOORE was exposed to asbestos and/or asbestos-containing products, machinery and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products including, but not limited to, pipe insulation, block insulation, insulating cements and muds, electrical equipment, gaskets, and packing through his work on the USS Darter as a service technician in the US Navy from 1964 – 1965. As a result of his work in, on, or near these products and equipment, dust from the damaged products landed on his skin, clothing, and hair.

5. Plaintiff MICHAEL J. MOORE was exposed to asbestos and/or asbestos-containing products, machinery and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products including, but not limited to, pipe insulation, block insulation, insulating cements and muds, electrical equipment, gaskets, and packing during the construction of the USS Francis Scott Key, which was owned or controlled by GENERAL DYNAMICS ELECTRIC BOAT. Plaintiff worked as an electronics technician on the USS Francis Scott Key in

2

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

CV-00466-MSM-LDA    Document 1-1    Filed 10/30/20    Page 3 of 22 PageID #: 16

the US Navy from 1965 – 1969. As a result of his work in, on, or near these products and equipment, dust from the damaged products landed on his skin, clothing, and hair.

6.      Plaintiff MICHAEL J. MOORE was exposed to asbestos and/or asbestos-containing products, machinery and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products including, but not limited to, electrical panels, wire, and switchboxes, through his work on the USS Simon Bolivar as an electronics technician in the US Navy from 1973 – 1976 and from 1979 - 1981. As a result of his work in, on, or near these products and equipment, dust from the damaged products landed on his skin, clothing, and hair.

7.      During the course of his service in the US Navy at the above mentioned locations and submarines, Plaintiff MICHAEL J. MOORE was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers emanating from asbestos-containing products, machinery and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "Defendants' Products") which were manufactured, sold, distributed, or installed by Defendants, and each of them.

## FIRST COUNT
## FAILURE TO WARN

8.      Paragraphs 1 - 13 are incorporated herein as if set forth in full.

9.      Plaintiff MICHAEL J. MOORE was exposed to various asbestos containing products. Such asbestos exposure contributed in part or totally to Plaintiff's contraction of asbestos-related lung cancer and other asbestos-related pathologies.

10.     Plaintiff MICHAEL J. MOORE was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles that came from the asbestos products that were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the Defendants.

3

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 4 of 22 PageID #: 17

11.     Upon information and belief, the Defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of Plaintiff MICHAEL J. MOORE, or to others working at the various jobsites where the Plaintiff, were employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including Plaintiff MICHAEL J. MOORE, or others through whom Plaintiff was secondarily exposed.

12.     Plaintiff MICHAEL J. MOORE was exposed to asbestos materials and products which, as part of his living and employment, he was forced to come into contact with and breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

13.     At all times pertinent hereto, Defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

14.     At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the Defendants reached Plaintiff without any substantial change in their condition from the time they were sold.

15.     The foregoing asbestos products were defective in one or more of the following ways:

    a)  In that they were inherently dangerous to those who used, handled, came in contact with and/or inhaled said products and materials;

4

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

b)  in that they failed to carry proper, adequate and correct warnings and information concerning the dangers of the said products;

c)  in that they lacked proper safety precautions to be observed by users, handlers and persons, including Plaintiff MICHAEL J. MOORE who would reasonably and foreseeably come into contact with the said products and materials;

d)  in that they were packaged, bagged, boxed and/or supplied to Plaintiff MICHAEL J. MOORE in packaging, bagging, boxes or other containers that were inadequate and/or improper;

e)  in that the products were delivered to and reached Plaintiff without adequate or proper handling instructions, face masks and/or respirators;

f)  in that any warnings, information and/or safety instructions said products may have carried were improper and inadequate in that they failed to adequately and reasonably apprise users, handlers and persons coming into contact with the said products and materials, including Plaintiff MICHAEL J. MOORE, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer;

g)  in that the said asbestos products and materials were not of merchantable quality; and

h)  in that the said asbestos products and materials were not fit and safe for their known and intended purposes and uses.

16.    As a result of the above, Plaintiff MICHAEL J. MOORE was caused to sustain severe, painful, and permanent injuries such as described in Paragraphs 2 and 15 caused by Plaintiff coming into contact with, breathing, inhaling and ingesting asbestos fibers. The injuries

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 6 of 22 PageID #: 19

and diseases from which Plaintiff is suffering will, in all probability, be fatal and will continue to cause Plaintiff to suffer great pain, suffering, mental anxiety, and distress of mind, humiliation, emotional trauma and mental anguish.

17.    The disease, diseases or injuries from which Plaintiff MICHAEL J. MOORE suffers were directly and proximately caused by Plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, fabricated, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the Defendants.

18.    As a result thereof, Plaintiff's lifespan has been shortened and his capacity to carry on life's activities has been impaired along with the Plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

19.    As a result of said illness, Plaintiff has been obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus, and in the future will be obliged to incur further expenses for such purposes.

20.    As a further result of said illness, Plaintiff's earning capacity has been impaired and will be impaired in the future.

21.    The Defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

22.    The Defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

23.    The Defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including Plaintiff

MICHAEL J. MOORE, who would reasonably and foreseeably come into contact with the said products and materials.

24.     Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed to adequately and reasonably apprise users, handlers and persons coming into contact with the said products and materials, including Plaintiff MICHAEL J. MOORE, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

25.     The Defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of Plaintiff and other human beings.

26.     The Defendants, during the 1930's, 1940's, 1950's and 1960's, became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of Plaintiff and all humans exposed to the products.

27.     The Defendants had numerous workers' compensation claims filed against them by former asbestos workers/employees, since the 1930's.

28.     The Defendants have consistently failed to acknowledge, publish, or in any way advise others of studies and reports known throughout the industry, including studies conducted by or on behalf of various Defendants in the asbestos industry, since the 1920's.

29.     Notwithstanding that the Defendants possessed the foregoing information, the Defendants wrongfully contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 8 of 22 PageID #: 21

asbestos products and materials to Plaintiff, Plaintiff's employer(s) and/or to others working at the various jobsites and places of employment of Plaintiff and the Defendants failed to render proper, adequate and correct warnings, advice, instruction and  information and so acted in a grossly negligent, malicious, willful and wanton manner, and failed to use reasonable care  under all circumstances, and wrongfully acted in other respects.

30.    It was the continuing duty of the Defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

31.    The Defendants breached these duties by:

a)  failing to warn Plaintiff MICHAEL J. MOORE of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

b)  failing to warn Plaintiff of the dangers to which Plaintiff was exposed when they knew or should have known of the dangers;

c)  failing to exercise reasonable care to warn Plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

d)  in that they were packaged, bagged, boxed and/or supplied to Plaintiff in packaging, bagging, boxes, or other containers that were inadequate and/or improper;

e)  in that the products were delivered to and reached Plaintiff without adequate or proper handling instructions, face masks and/or respirators;

f)  failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

g)  failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

h)  failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

i)  failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise Plaintiff of the dangers, hazards, and potentialities discovered; and

j)  generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

WHEREFORE, Plaintiffs claim damages.

## SECOND COUNT
### NEGLIGENCE

32.    Paragraphs 1 through 30 are incorporated herein as if set forth in full.

33.    Plaintiff MICHAEL J. MOORE was a foreseeable user and consumer of the Defendants' asbestos and asbestos products.

34.    The Defendants owed Plaintiff a duty of reasonable care to avoid causing him harm from exposure to their products.

35.    The Defendants breached their duty in the numerous and various manner set forth above.

36.     The Defendants' negligence directly and proximately caused Plaintiff's asbestos disease and other lawful damages set forth above.

WHEREFORE, Plaintiffs claim damages.

### THIRD COUNT
### STRICT PRODUCT LIABILITY

37.     Paragraphs 1 through 36 are incorporated herein as if set forth in full.

38.     The foregoing acts of the Defendants were wrongful as to Plaintiff MICHAEL J. MOORE within the intendment of Restatement, Torts 2d section 402A.

WHEREFORE, Plaintiffs claim damages.

### FOURTH COUNT
### BREACH OF WARRANTY

39.     Paragraphs 1 through 38 are incorporated herein as if set forth in full.

40.     The Defendants expressly and/or impliedly warranted that said asbestos materials and products were of merchantable quality, fit and safe for the purposes for which they were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, sold, intended and used, as set out in their sales brochures, manuals and written warranties accompanying or preceding sales and distribution of their products, and in various other manners.

41.     The Defendants breached said warranties in that said asbestos materials and products were not of merchantable quality, fit and safe for the purposes for which they were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, sold, intended and used in that, among other things, adequate warning precautions and instructions were not provided to users, handlers, and persons coming into contact with said products and materials.

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

CV-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 11 of 22 PageID #: 24

42.     Plaintiff MICHAEL J. MOORE's injuries and resulting damages set forth above were caused by breach of said warranties by the Defendants.

43.     Plaintiff MICHAEL J. MOORE was employed and lived in capacities which placed Plaintiff in close proximity with asbestos and asbestos-related materials, manufactured and/or distributed by one or more of the Defendants. Plaintiff's presence was known or should have been known to each of the Defendants.

WHEREFORE, Plaintiffs claim damages.

## FIFTH COUNT
## ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

44.     Paragraphs 1 through 43 are incorporated herein as if set forth in full.

45.     For all pertinent times, MELRATH GASKET, INC. and NIANTIC SEAL, INC. (hereinafter "Supplier Defendants") individually, sold, distributed, and supplied asbestos and/or asbestos-containing product(s) that Plaintiff MICHAEL J. MOORE came in contact with and/or utilized, and asbestos that he inhaled, causing his injuries and illnesses.

46.     Supplier Defendants as manufacturers, miners, shippers, distributors, and suppliers of asbestos fibers and/or asbestos-containing products to various locations owned and/or operated by asbestos product manufacturers are liable to Plaintiffs for failure to warn of the health hazards of exposure to asbestos and failure to design and package their products so as to adequately protect and warn users of the dangers of exposure to asbestos.

47.     Further, Supplier Defendants are liable to Plaintiff MICHAEL J. MOORE as professional vendors of asbestos-containing products, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

1:20-cv-00466-MSM-LDA    Document 1-1    Filed 10/30/20    Page 12 of 22 PageID #: 25

48.     Further, Supplier Defendants made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing other sophisticated users to use Supplier Defendants' asbestos and/or asbestos-containing products instead of other types. As such, Supplier Defendants are liable to Plaintiff MICHAEL J. MOORE for the suffering and injuries from a disease caused by exposure to the Supplier Defendants' asbestos because Supplier Defendants' fraudulent misrepresentations were detrimentally relied upon (1) by asbestos-product manufacturers incorporating Supplier Defendants' asbestos or other asbestos-containing products into their finished products and (2) by Plaintiff MICHAEL J. MOORE who was exposed to the asbestos-containing products.

49.     Finally, Supplier Defendants are liable to Plaintiffs because they knew or should have known that the asbestos products, which they sold and supplied, were unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence. This negligence was the cause of Plaintiff MICHAEL J. MOORE's injuries including, but not limited to, asbestos-related lung cancer and other ill health effects.

WHEREFORE, Plaintiffs claim damages.

## SIXTH COUNT
### ALLEGATIONS AGAINST THE PREMISES DEFENDANT

50.     Paragraphs 1 through 49 are incorporated herein as if set forth in full.

51.     Plaintiff MICHAEL J. MOORE  worked at and/or was exposed to asbestos from premises owned and/or controlled by Defendant ELECTRIC BOAT CORPORATION d/b/a GENERAL DYNAMICS ELECTRIC BOAT (hereinafter "PREMISES DEFENDANT") at which he was exposed to asbestos products and dust from asbestos products.

52.     While present at premises owned and/or controlled by the PREMISES DEFENDANT, Plaintiff MICHAEL J. MOORE was continuously exposed to asbestos and

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

CV-00466-MSM-LDA    Document 1-1    Filed 10/30/20    Page 13 of 22 PageID #: 26

asbestos-containing dust without the provision of appropriate safeguards by the PREMISES DEFENDANT who had the responsibility for such.

53.     Plaintiffs would further show that MICHAEL J. MOORE 's injuries and diseases were the result of intentional acts and/or omissions and/or negligence, gross negligence and malice in the use of asbestos at premises owned and/or controlled by the PREMISES DEFENDANT. PREMISES DEFENDANT failed to properly remove and/or abate said asbestos at these facilities during the time Plaintiff MICHAEL J. MOORE was working there.

54.     Plaintiffs would show that the PREMISES DEFENDANT was negligent, grossly negligent and malicious, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in lung cancer from exposure to asbestos.

55.     In particular, Plaintiffs would show that the PREMISES DEFENDANT demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Plaintiff MICHAEL J. MOORE , and that such intentional acts and omissions proximately caused Plaintiff MICHAEL J. MOORE 's disease and injuries.

56.     Specific intentional acts and acts constituting negligence, gross negligence and malice committed by the PREMISES DEFENDANT that proximately caused Plaintiff MICHAEL J. MOORE 's injuries and disease include:

      a)     Failure to provide safe equipment for Plaintiff MICHAEL J. MOORE to use;

      b)     Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite the PREMISES DEFENDANT'S knowledge of the extreme risk of harm inherent to asbestos exposure;

c)      Failure to adequately warn Plaintiff MICHAEL J. MOORE of the inherent dangers of asbestos contamination;

d)      Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

e)      Failure to follow and adhere to various states and U.S. Government statutes, Regulations and guidelines pertaining to asbestos and the exposure of asbestos to individuals. Such failure constituted negligence <u>per se</u> at a minimum. Plaintiffs are not making claims for damages under federal law.

57.     Plaintiffs would further show that the PREMISES DEFENDANT intentionally, knowingly, and/or due to negligence, gross negligence and malice, failed to ensure that individuals such as Plaintiff MICHAEL J. MOORE were protected from the inhalation of asbestos and asbestos fibers. Such actions proximately caused Plaintiff MICHAEL J. MOORE 's injuries and illness.

58.     Additionally, specific actions or omissions on the part of the PREMISES DEFENDANT that proximately caused Plaintiff MICHAEL J. MOORE 's injuries and illness were:

a)      Attempting to remove asbestos dust in Plaintiff MICHAEL J. MOORE 's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

b)      Failing to provide proper protective gear for individuals exposed to asbestos;

c)      Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

d)      Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

e)      Failing to adhere to industry safe standards and other established measures to protect workers from harm; and

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

CV-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 15 of 22 PageID #: 28

f) Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure.

59.     The PREMISES DEFENDANT demonstrated such an entire want of care as to establish that its acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff MICHAEL J. MOORE.

WHEREFORE, Plaintiffs claim damages.

## SEVENTH COUNTY
### CONSPIRACY

60.     Paragraphs 1 through 59 are incorporated herein as if set forth in full.

61.     Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff MICHAEL J. MOORE 's injuries, diseases and illnesses by exposing Plaintiff MICHAEL J. MOORE  to harmful and dangerous asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff MICHAEL J. MOORE  of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products, or to expose themselves to said dangers. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products.

15

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 16 of 22 PageID #: 29

62.     In furtherance of said conspiracies, Defendants performed the following overt acts:

a)      For many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly.

b)      Despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff MICHAEL J. MOORE  who was using and being exposed to Defendants' asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon workers such as Plaintiff MICHAEL J. MOORE  who were using asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or

16

equipment solely designed to be used with asbestos-containing products, and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff MICHAEL J. MOORE  and workers such as Plaintiff MICHAEL J. MOORE  have suffered.

c)      Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation.  Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia,* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

d)      In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as MICHAEL J. MOORE  from contracting asbestos disease or cancer.

e)      In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as MICHAEL J. MOORE  even if complied with.

f)      As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

CV-00466-MSM-LDA    Document 1-1    Filed 10/30/20    Page 18 of 22 PageID #: 31

Plaintiff MICHAEL J. MOORE to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products which caused the release of respirable asbestos fibers.

63.     Plaintiff MICHAEL J. MOORE reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products.

64.     As a direct and proximate result of Plaintiff MICHAEL J. MOORE 's reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiff MICHAEL J. MOORE sustained damages including injuries, illnesses and disabilities and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or equipment solely designed to be used with asbestos-containing products.

**EIGTH COUNT**
**DAMAGES**

65.     Paragraphs 1 through 64 are incorporated herein as if set forth in full.

66.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related lung disease of Plaintiff MICHAEL J. MOORE, and of the following general and special damages including:

a)     Damages to punish Defendants for proximately causing Plaintiff MICHAEL J. MOORE's untimely injuries and illness;

18

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 19 of 22 PageID #: 32

b)    Physical pain and mental anguish sustained by Plaintiff MICHAEL J. MOORE in the past;

c)    Physical pain and mental anguish that Plaintiff MICHAEL J. MOORE, in reasonable probability, will sustain in the future;

d)    The past disfigurement suffered by Plaintiff MICHAEL J. MOORE;

e)    The future disfigurement that Plaintiff MICHAEL J. MOORE will, in reasonable probability, sustain in the future;

f)    The physical impairment sustained by Plaintiff MICHAEL J. MOORE in the past;

g)    The physical impairment that Plaintiff MICHAEL J. MOORE will, in reasonably probability sustain in the future;

h)    The medical expenses that Plaintiff MICHAEL J. MOORE will, in reasonable probability, sustain in the future;

i)    Medical expenses incurred by Plaintiff MICHAEL J. MOORE in the past;

j)    Plaintiff MICHAEL J. MOORE's lost earning capacity sustained in the past; and

k)    The lost earning capacity that Plaintiff MICHAEL J. MOORE will, in reasonable probability, sustain in the future.

## NINTH COUNT
## PUNITIVE DAMAGES

67.    Paragraphs 1 through 66 are incorporated herein as if set forth in full.

68.    The actions and inactions of the Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages and injuries of Plaintiff MICHAEL J. MOORE. The Defendants' conduct was specifically intended by the Defendants to cause substantial injury to Plaintiff MICHAEL J. MOORE, or was carried out by the Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of the Defendants that the conduct would, in reasonable

19

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 20 of 22 PageID #: 33

probability, result in human deaths and/or great bodily harm. More specifically, the Defendants and their predecessors-in-interest consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness, malice, and/or intentional disregard of the rights of Plaintiff MICHAEL J. MOORE and should be held liable in punitive and exemplary damages to the Plaintiffs.

**TENTH COUNT**
**LOSS OF CONSORTIUM**

69.     Paragraphs 1 through 68 are incorporated herein as if set forth in full.

70.     Plaintiff ROSE MOORE is and was at all relevant times herein the wife of Plaintiff MICHAEL J. MOORE.

71.     As a direct and proximate result of Defendants' conduct set forth in the previous paragraphs and the injury suffered by her husband MICHAEL J. MOORE, Plaintiff ROSE MOORE has suffered, and will suffer in the future, interference with and impairment of their marital relationship and all those elements of married life Plaintiff ROSE MOORE was accustomed to receiving including, but not limited to, support, devotion, care, society, and consortium.

WHEREFORE, Plaintiffs demand judgment and damages against the Defendants, jointly and severally, plus whatever other further relief this Honorable Court deems right and just, including but not limited to:

(a)     $1,000,000. in compensatory damages;

(b)     $1,000,000. in punitive damages;

(c)     Exemplary damages, including attorney's fees; and

(d)     Interest and costs.

Plaintiffs demand trial by jury.

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA    Document 1-1    Filed 10/30/20    Page 21 of 22 PageID #: 34

Dated at Providence, Rhode Island, this the 24th day of September 2020.

Respectfully Submitted,
THE PLAINTIFFS,

/s/ John Deaton, Esq.
John Deaton, Esq. (RI Bar # 6537)
The Deaton Law Firm
450 North Broadway
East Providence, RI 02914
(401) 351-6400
(401) 351-6401 fax

And

**FEARS NACHAWATI, PLLC**
DARREN MCDOWELL (*pro hac vice pending*)
State Bar No. 24025520
STEVE SCHULTE (*pro hac vice pending*)
State Bar No. 24051306
5473 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
dmcdowell@fnlawfirm.com
schulte@fnlawfirm.com

Case Number: PC-2020-06715
Filed in Providence/Bristol County Superior Court
Submitted: 9/24/2020 11:04 AM
Envelope: 2761496
Reviewer: Victoria H

Case 1:20-cv-00466-MSM-LDA   Document 1-1   Filed 10/30/20   Page 22 of 22 PageID #: 35

## CERTIFICATION

I, Aislinn Partington, on behalf of the Plaintiff, hereby certify that the above document was served through the Rhode Island Electronic Filing System this 24th day of September 2020.

/s/ Aislinn Partington__
Aislinn Partington